# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.F., L.C., R.C., & F.C.**

**No. 15-0204** (Barbour County 14-JA-13 through 14-JA-16)

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.F., by counsel Chaelyn W. Casteel, appeals the Circuit Court of Barbour County's February 3, 2015, order terminating her parental rights to J. F., L.C., R.C., and F.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine M. Bond, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Karen Hill Johnson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for a dispositional improvement period and in terminating her parental rights instead of imposing a less-restrictive dispositional alternative.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed a petition for immediate custody of the minor children in imminent danger alleging that petitioner allowed then fifteen-year-old J.F. to drive an automobile without a licensed driver in the car, which resulted in a serious accident. J.F. suffered a traumatic brain injury, a broken pelvis, and other broken bones. The DHHR also alleged that petitioner had an extensive history with Child Protective Services ("CPS") and substantiated claims of maltreatment because she failed to supervise her children. The petition also alleged that petitioner left her children unsupervised for extended periods of time and abused alcohol.

In June of 2014, the circuit court held an in camera hearing with L.C., R.C., and F.C. Then nine-year-old R.C. testified that petitioner gave him "little tiny pieces" of sleeping pills, locked herself in her bedroom, and left the children unsupervised for extended periods of time. Then eleven-year-old L.C. and seven-year-old F.C. corroborated R.C.'s testimony, testifying that petitioner also gave them sleeping pills. L.C. added that petitioner allowed J.F. to drive an

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

automobile without a properly licensed adult in the vehicle. The following month, the circuit court held an in camera hearing with then sixteen-year-old J.F. J.F. testified that she smoked marijuana with petitioner when she was approximately twelve years old, that she witnessed petitioner snort "hydros," and that she snorted "hydros" with petitioner "a couple times."[2] J.F. further testified that petitioner allowed her to consume alcohol in the house and allowed her to drive an automobile without a properly licensed adult in the car. Finally, J.F. testified that petitioner drove the children to school while under the influence of narcotics.

In October of 2014, the DHHR filed an amended petition further alleging that petitioner provided her children with prescription sleeping medication in violation of State law; furnished J.F. with marijuana, prescription medications, and alcohol since she was twelve years old; and used J.F. to illegally purchase prescription pain medication from a classmate. *See* n. 2, supra. The DHHR alleged that the children witnessed petitioner snort pills prior to transporting them to school and prior to teaching students.[3] Finally, the DHHR alleged that petitioner was previously arrested in South Carolina for possession of cocaine and marijuana. Thereafter, the circuit court held an adjudicatory hearing during which petitioner stipulated that she allowed J.F. to drive an automobile without a licensed adult in the car and that she failed to properly supervise the children. Despite the children's testimony, petitioner denied the other allegations. The circuit court specifically found petitioner's testimony to be "evasive and not credible[,]" noting that she "cover[ed] herself in denying everything that took place in the home," and that her "statements today [were] extremely evasive, equivocal, and wanting to do just a minimum without being truthful as to what was going on in the home[.]" The circuit court denied petitioner's motion for a post-adjudicatory improvement period.

Following the adjudicatory hearing, petitioner received services to help her address her failure to properly supervise the children. The circuit court held a dispositional hearing in November of 2014. During the hearing, petitioner's service provider testified that petitioner complied with her parental skills classes as they related to proper supervision of the children. However, the service provider also testified that petitioner denied introducing J.F. to illegal drugs and that "she has not addressed all the manners in which the [circuit court] found her to be abusive and neglectful." Ultimately, the circuit court denied petitioner's motion for a dispositional improvement period because she failed to acknowledge that she introduced J.F. to illegal drugs, gave the children prescription drugs, and used drugs with J.F. The circuit court terminated petitioner's parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]J.F. also testified that she bought "hydros" from a classmate for petitioner at petitioner's request.

[3]According to the appendix record, petitioner was an elementary/middle school teacher.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order denying petitioner's motion for a dispositional improvement period or in terminating her parental rights.

Petitioner argues that she was entitled to a dispositional improvement period because she participated in and was receptive to services provided to her throughout the initial phases of the underlying case. According to petitioner, this established that she was "reasonably likely to comply with the terms of an improvement period." However, the Court does not agree. As the circuit court specifically found below, petitioner failed to acknowledge her substance abuse issues and denied providing J.F. with illegal drugs. These findings are supported by testimony from petitioner's children that petitioner gave them sleeping pills, smoked marijuana with J.F., and snorted "hydros" with J.F. Further, one of petitioner's service providers testified that petitioner has not addressed all of the manners in which the circuit court found her to be abusive and neglectful.

Pursuant to West Virginia Code § 49-6-12(c)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Moreover, in discussing improvement periods, we have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). In the instant matter, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion for a dispositional improvement period because of her failure to fully acknowledge the conditions of abuse and neglect in the home. As outlined above, petitioner minimized her conduct throughout the proceedings in that she denied she had a substance abuse problem and that she introduced J.F. to using illegal drugs. Moreover, even after receiving services, petitioner has failed to address all the issues of the underlying abuse and neglect. In light of this evidence, we find no error in the circuit court's order denying her a dispositional improvement period.

Further, the Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect in the home. The Court further finds that, notwithstanding petitioner's argument to the contrary, a less-restrictive dispositional alternative did not exist. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court was presented with evidence that, while petitioner responded to some services implemented below, she continued to deny any wrongdoing in regard to introducing the children to using drugs, giving the children drugs, and using drugs with J.F. Petitioner minimized her conduct throughout the proceedings, denied that she had a substance abuse problem, denied introducing her children to using illegal drugs, and failed to address all of the issues of the underlying abuse and neglect. For these reasons, termination of petitioner's parental rights to these children was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 3, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II